## JACKSON v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1910. **On Rehearing.**
May 10, 1910.)

No. 3,094.

1. STATUTES (§ 225½*)—IMPLIED AMENDMENT OR REPEAL—GENERAL AND SPE-
CIFIC STATUTES.

Where there is a statute of general application giving a right of action
and a later statute applying to specific cases, as to such specific cases
the later statute alone can be invoked.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 225½.*

Repeal of statutes by implication, see note to First Nat. Bank v. Weid-
enbeck, 38 C. C. A. 136.]

2. REMOVAL OF CAUSES (§ 50*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CON-
TROVERSY.

A joint action in a state court against two defendants for a tort, which
is governed as to the two defendants by different statutes, fixing differ-
ent grounds of liability and admitting of different defenses, is separable
and is removable by one defendant, where the necessary diversity of
citizenship exists as to such defendant, although the other defendant may
be a citizen of the same state as plaintiff.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100;
Dec. Dig. § 50.*

Separable controversy affecting right to remove cause to federal court,
see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown
Mineral Co., 35 C. C. A. 155.]

3. MASTER AND SERVANT (§ 180*)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—NEGLIGENT ACT OF FELLOW SERVANT.

Although a master is by statute made liable for an injury resulting
from the negligent act of a fellow servant, it is essential to such liability
that the act should have been done while in the prosecution of the mas-
ter's business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359-
361, 363, 368; Dec. Dig. § 180.*]

4. MASTER AND SERVANT (§ 204*)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—ASSUMPTION OF RISK.

Assumption of risk and contributory negligence are distinct and sep-
arate defenses, and the former may be pleaded, although the defense of
contributory negligence is precluded by statute.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 204.*]

5. MASTER AND SERVANT (§ 217*)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—ASSUMED RISKS.

If a servant knows the facts and the real situation, or if they are so
patent as to be readily observed by him, he assumes the risk therefrom,
and the master is not liable for an injury which follows.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
574-600; Dec. Dig. § 217.*

Assumption of risks incident to employment, see note to Chesapeake &
O. R. Co. v. Hennessey, 38 C. C. A. 314.]

6. MASTER AND SERVANT (§ 173*)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—RETENTION OF INCOMPETENT SERVANT.

Where a servant had been in the employ of a master for four or five
years without complaint having been made by any one as to his efficiency,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

character, or habits, the master cannot be charged with negligence in retaining him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 343–346; Dec. Dig. § 173.*]

**7.** MASTER AND SERVANT (§ 217*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—ASSUMPTION OF RISK.

Plaintiff's intestate was employed as a section hand by defendant railroad company. It was a custom of the foreman to carry a gun with him on the hand car on which the crew went to and from their work for the purpose of hunting, solely for his own pleasure and benefit, and on one occasion when removing the car from the track the gun, which was on the car, was accidentally discharged, killing plaintiff's intestate. He knew of the custom, and that the gun was at times loaded, and had made no objection. *Held,* that the accident was one for which defendant was not responsible, and, further, that deceased assumed the risk which precluded a recovery for his death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by Mary Jackson, administratrix of the estate of Harry Jackson, deceased, against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff brought this action in the state court against the defendant company and Peter Couture for the alleged wrongful act resulting in the death of plaintiff's intestate. On the ground of diversity of citizenship and an alleged separable controversy the case was removed on the petition of the railway company to the United States court. That court overruled a motion to remand. Thereupon plaintiff dismissed as to Couture by filing an amended petition against the railway company only.

Jackson, the deceased, with five others, were sectionmen under Couture, their foreman, all of whom were engaged in the maintenance of track. The foreman employed and discharged the men as he deemed proper, and directed them in their work. Nearly all of the section was north of the village where they resided. They would leave for their work in the morning, carrying their dinners with them, and return in the evening. In going over their section, and to and from their work, they rode on a hand car of the company; the sectionmen propelling it.

Jackson had worked for the company under Couture for about five months. Upon several occasions Couture took his shotgun with him to shoot ducks and other game, solely for his own pleasure and benefit; the gun being in no wise of any service in his work. The gun and magazine held six shells. On the return home after the day's work on an evening in October, 1907, Couture fired three shots at some birds. He then withdrew two shells, thinking there were none left. Arriving at the station, Couture alighted, leaving the gun on the hand car. Jackson and the other five men went a short distance down the track to where the hand car was to be put away for the night. In taking the car from the track, in some unexplained way the remaining shell in the gun was exploded, killing Jackson instantly.

Fitzgerald was the roadmaster. He employed and discharged the foremen. Fitzgerald went over his division every day or so, giving directions as to the maintenance of the roadway and track, and seeing what work was necessary and what was done. It is possible that at times he saw the gun on the hand car, but that he did see it there is no evidence, and there is no evidence that he knew or believed the gun was loaded.

At the close of the evidence, on motion of the company, the court directed a verdict for the defendant, and there was a judgment accordingly.

George W. Berge, for plaintiff in error.

Paul E. Walker (M. A. Low, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and McPHERSON, District Judge.

SMITH McPHERSON, District Judge (after stating the facts as above). 1. For many years there has been in Nebraska a statute allowing a recovery for the death of a person caused by the wrongful act of another. The action must be brought in the name of the personal representative of the deceased, and the amount recovered shall be for the exclusive benefit of the widow and next of kin, and shall be distributed as though personal property left by deceased dying intestate. That statute applies generally to persons and corporations doing the wrongful act. The statute of limitations under that statute is two years. In 1907 the Legislature enacted that railway companies should be liable to any employé for an injury, or in case of his death to his representative, resulting from the negligence of any co-employé, officer, or agent, or by reason of any defect or insufficiency due to its negligence in its cars, appliances or machinery. Under this statute contributory negligence is no defense when slight and that of the company is gross, but the damages shall be diminished in proportion to the negligence attributable to each, and all questions of negligence shall be for the jury. No contract of insurance or relief benefit shall be a defense, except such contribution for relief benefit paid by the company may be deducted from the damages. The recovery shall be distributed as follows: (1) To the widow and children; (2) if no widow or children, to his parents; (3) if no parent, then to the next of kin dependent upon him.

The statute of limitations under this statute is four years. Under this statute Couture could not be liable, because it makes a railway company alone liable. If liable, it is by reason of the older statute.

Plaintiff's counsel invokes the rule agreed to by all that as to removals defenses cannot be considered, but whether the action is separable must alone be determined from the petition stating the cause of action. But we hold that the cause of action as stated by plaintiff is separable for the reason that the statute fixing the liability of a railway company is the later statute, and specifically and with detail determines the liability, to whom the recovery shall go, and what shall constitute a cause of action, and barring certain defenses which could be made under the former statute. And the rule is that when we have one statute of general application, and another applying to specific cases, that as to such specific cases the later statute only can be invoked. Griffith v. Carter, 8 Kan. 565; Long v. Culp, 14 Kan. 412; In re Rouse (D. C.) 91 Fed. 96, 100; State ex rel., etc., v. Hobe, 106 Wis. 411, 82 N. W. 336; Kepner v. U. S., 195 U. S. 100, 125, 24 Sup. Ct. 797, 49 L. Ed. 114; De Bolt v. Railroad, 123 Mo. 496, 72 S. W. 575; Townsend v. Little, 109 U. S. 504, 512, 3 Sup. Ct. 357, 27 L. Ed. 1012.

The holding is that the case on the petition of the railway company, a corporation, of Iowa and Illinois, was removable as against the

plaintiff, a citizen of Nebraska, even though Couture was likewise a citizen of Nebraska.

But even though the motion to remand was erroneously overruled, the error was cured when plaintiff filed an amended petition making the railway company alone a defendant. The error was waived and jurisdiction was conferred. Guarantee Co. v. Mechanics' Co., 26 C. C. A. 146, 80 Fed. 766, 771; In re Moore, 209 U. S. 490, 496, 28 Sup. Ct. 585, 52 L. Ed. 904; Powers v. Railroad, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673.

2. Jackson had ridden back and forth on this hand car for five months. It was a safe place to work considering the duties of the employés, and the nature of the work, and the elaborate argument, with the authorities cited, that the company owed him the duty of furnishing a safe place to work, is not pertinent to the facts of the case. It was a safe place, and from which no harm came to Jackson, except by reason of the gun, which presents another question. And as to carrying the gun, he made no objection, knew that it had been used on several trips, knew that at times it was loaded, and knew that it had been fired three times en route home on the evening in question. He made no protests, was not promised that the gun would not again be carried, and in every particular assumed the risks of the car, and all that was carried thereon. The many cases cited by plaintiff's counsel, generally speaking, are those wherein the injured employé did not know of the object causing the injury, and the company did know of the same, or by the exercise of diligence could have known, such as low overhead bridges, nearness of water cranes or poles to the track, ditches or obstructions in the yards, and many other cases of like kind and principle. But such is not the question here.

The question is, assuming that Couture was negligent in taking with him on several occasions his own gun, in no wise connected with his employment, taking it for his own pleasure, and on the one occasion in question leaving it on the hand car with one load therein, Was such negligence chargeable to the company? The test of the employer's liability is not in the fact that the negligent act of the servant was during the existence of his employment; nor is the test that his act was done during the time he was doing some act for his employer. But the test is: Was the act causing the injury done in the prosecution of the master's business? Clancy v. Barker, 66 C. C. A. 469, 131 Fed. 161; Bowen v. Railroad, 69 C. C. A. 444, 136 Fed. 306, 70 L. R. A. 915; Railroad v. Harvey, 75 C. C. A. 536, 144 Fed. 806; Marrier v. Railroad, 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793; Hudson v. Railroad, 16 Kan. 470.

3. That Jackson assumed the risks, and that such assumption is not modified nor controlled by the fact that contributory negligence is no defense, is clearly the settled rule. Burke v. Union Co., 84 C. C. A. 626, 157 Fed. 178; Omaha Co. v. Sanduski, 84 C. C. A. 89, 155 Fed. 897, 19 L. R. A. (N. S.) 355; Railroad v. Griffin, 85 C. C. A. 240, 157 Fed. 912; Kirkpatrick v. Railroad, 87 C. C. A. 35, 159 Fed. 855; St. Louis Cordage Co. v. Miller, 61 C. C. A. 477, 126 Fed. 495, 63 L. R. A. 551; Lake v. Shenango, 88 C. C. A. 69, 160 Fed. 887.

4. Without reference to whether Couture was a vice principal or a fellow servant of Jackson, and without reference to whether Fitzgerald or any other officer of the company had knowledge of how many times the gun had been carried on the hand car, it conclusively appears that Jackson had full knowledge thereof.

Conceding, as we do, that the rule is that it is the duty of the master to exercise reasonable care to provide a reasonably safe working place for the servant, who in turn is entitled to act upon the assumption that that duty has been performed, however, if the servant knows the facts and the real situation, or if the facts and the true situation are so patent as to be readily observed by him, then the master is not liable by reason of an injury which follows. United States Smelting Co. v. Parry, 92 C. C. A. 159, 166 Fed. 407; Choctaw R. R. v. McDade, 191 U. S. 64, 67, 24 Sup. Ct. 24, 48 L. Ed. 96.

5. Couture had been foreman for four or five years. His services, and the manner of performing the same, were apparently satisfactory to the company. No complaint was at any time made by any person as to his competency, efficiency, character, reputation, or habits. That such a servant, or official, if he can be called such, could be retained in the service without subjecting the company to the charge of negligence, need not be discussed. See the opinions of this court in the case of Weeks v. Scharer, 111 Fed. 330, 49 C. C. A. 372, and in the same case when again before this court as reported in 129 Fed. 333, 64 C. C. A. 11.

Under no construction that can be given to the testimony is the defendant company liable, and the action of the court in directing a verdict was right.

The judgment of the Circuit Court is affirmed.

## On Rehearing.

A petition for rehearing by the plaintiff in error has been presented and considered. It is based upon two grounds only:

1. It is insisted that this case was not rightly removed from the state to the United States court. The railroad company would have been liable under a former statute on the facts pleaded. So would the section foreman, Peter Couture. But by a later statute specifically making a railroad company liable, and by eliminating certain defenses and changing the statute of limitations, the railroad company would alone be liable thereunder. This is the later statute upon the subject, giving a cause of action to an employé or his legal representative as against the railroad company. Under that statute Couture could not be sued. And he only could be sued under the older statute.

For the reasons given in the former opinion we hold that the cause of action was a separable one, and that the case was properly removed to the United States court.

2. After the case was removed to the United States court, and the motion to remand was overruled, the case was dismissed as to defendant Couture. In the former opinion it is said that, even though the motion to remand was erroneously overruled, the error was cured by filing an amended petition against the railway company alone. We

are in doubt as to that proposition, and withdraw the same from the original opinion.

But such withdrawal does not change the conclusions reached, and the petition for rehearing is therefore denied.