DUREE v. WABASH R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1917.)

No. 4751.

1. NEGLIGENCE ⊂⊃2—ELEMENTS—DUTY.
 Where there is no duty of protection against an injury, the omission to furnish such protection is not negligence.
 [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 3, 4.]

2. RAILROADS ⊂⊃276(4)—LIABILITY FOR INJURIES—TRESPASSERS.
 A boy 11 years old, permitted by railroad employés, without the consent of the company, to ride upon an engine that was being tested, was not a

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

passenger, but in law an intruder and trespasser, to whom the company owed no duty, except the negative one of not maliciously, wantonly, or with gross and reckless carelessness injuring him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 884, 885.]

3. NEGLIGENCE ☞7—ELEMENTS—DUTY.

While children can recover for injuries in circumstances in which adults cannot, there can be no recovery, even in the case of a child, unless there is a breach of duty.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 9.]

4. RAILROADS ☞276(4)—LIABILITY FOR INJURIES—TRESPASSERS.

Where railroad employés, without the consent of the company, permitted a boy to ride on an engine that was being tested, the company owed him no duty to protect him from injury, by derailment of the engine or otherwise, unless due to wanton, willful, or intentional acts or negligence of the railroad employés.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 884, 885.]

5. MASTER AND SERVANT ☞302(1)—INJURIES TO THIRD PERSONS—LIABILITY.

Authority, express or implied, to do an act, is always the test of a master's liability for an act of his servant, and when an employé exceeds that authority, and does an act resulting in injury to another, he is not, in the doing of that act, the agent of his employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217, 1225.]

6. RAILROADS ☞282(3)—ACTIONS FOR INJURIES—PRESUMPTIONS.

Where railroad employés permitted a boy to ride on an engine which was being tested, the derailment of the engine, causing the death of the boy, raised no presumption of negligence for which the railroad company was chargeable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 912.]

7. RAILROADS ☞282(3)—ACTIONS FOR INJURIES—PRESUMPTIONS.

Where a boy riding on an engine was killed by a derailment, there could be no presumption of any willful or intentional disregard of duty on the part of the engineer; the boy being exposed to no risk to which the engineer and fireman were not exposed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 912.]

8. RAILROADS ☞278(6)—LIABILITY FOR INJURIES—LAST CLEAR CHANCE DOCTRINE.

The doctrine of last clear chance had no application to the death of a boy, riding on an engine with permission of railroad employés and killed by its derailment.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action by Mary A. Duree against the Wabash Railroad Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

M. A. Roberts, of Ottumwa, Iowa (W. W. Epps and Roberts & Webber, all of Ottumwa, Iowa, on the brief), for plaintiff in error.

William McNett, of Ottumwa, Iowa (J. L. Minnis and N. S. Brown, both of St. Louis, Mo., and McNett & McNett and Walter McNett, all of Ottumwa, Iowa, on the brief), for defendants in error.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RINER, District Judge. The plaintiff in error, hereafter referred to as the plaintiff, brought this action against the defendant in error, hereafter referred to as the defendant, to recover damages for the death of her son, a boy of about 11½ years old, alleged to have been caused by the negligence of the defendant. The record discloses the following facts:

On the 4th of January, 1914, Fred Craft, a locomotive engineer, and Clyde Henderson, a locomotive fireman, both in the employ of the defendant, were at Moberly, Mo., in charge of one of the defendant's engines; that this engine had been in the shops for repair, and they were taking it out on the road to "try it out" before putting it back into regular service; that before leaving Moberly the plaintiff's son requested and was permitted by the engineer to ride on the engine; that upon leaving Moberly the engine was running backward, and as it came to the switch at Cairo, a station 6 miles distant from Moberly, it left the rails, turned over on its side, and the engineer and boy received injuries from which they both died; that the engine on which the plaintiff's intestate was riding, at his request and with permission of the engineer, was one used in the passenger service; that its maximum speed was about 60 miles an hour; that the boy was riding in the cab upon the fireman's side of the engine, and at the time of the accident was standing in front of the seat box, a place entirely safe so long as the engine remained upon the rails; that the track at that place prior to the accident was in good condition. The only conflicting evidence in the record is as to the rate of speed at which the engine was running at the time of its derailment. The fireman, who was upon the engine at the time of the accident, testified that it was running about 15 miles an hour. Other witnesses, who noticed the engine as it came into Cairo, fixed the speed at from 25 to 35 miles per hour.

The petition was several times amended. In the fourth and last amendment, filed on the 31st of August, 1915, the plaintiff states:

"Plaintiff withdraws all the allegations of her petition charging that the defendant's employés negligently induced and invited the deceased to get upon the engine; also all allegations of negligence based upon the unsafe and dangerous condition of the defendant's track, except in so far as knowledge of the condition of said track bears on the care required of defendant's engineer and fireman in running said locomotive over the same."

"That the particular acts of negligence, inefficiency, and carelessness of the employés and agents of the defendant, upon which she seeks to predicate negligence, are that the defendant's said employés at the time well knew that the said railroad track at the time and place of the injury was not level, one side being about one inch lower than the other, and with said knowledge were running said engine backward at the time said injury was received by the deceased at the dangerous and hazardous rate of speed of 30 to 35 miles an hour; and plaintiff avers that the running of said engine backward over said track at said rate of speed was in and of itself gross negligence on the part of said employés."

By this last amendment the plaintiff narrowed the issues, and based her right to recover upon the averments that the defendant's employés at the time of the accident were negligently running the engine backward over the track at a dangerous rate of speed, and that its derailment was caused thereby. At the close of the plaintiff's evidence,

on motion of the defendant, the court instructed the jury to return a verdict in its favor.

The four assignments of error present but a single question: Was the court justified under the facts and law in sustaining the defendant's motion and directing a verdict in its favor? In determining this question the controlling feature is: Was there a duty to the plaintiff's intestate which was violated by the defendant? If there was, then the court erred in giving the instruction requested. If there was not, there is no legal liability, and the court committed no error in instructing the jury as it did.

[1-4] In the case presented by this record there is no question of contributory negligence involved in the inquiry or essential to its consideration. If the defendant did not owe the duty of protection against the injury complained of, then the omission to furnish such protection does not constitute such negligence on its part as will warrant a recovery therefor against it. From the facts of the case it is perfectly plain that the plaintiff's intestate did not sustain to the defendant company the relation of a passenger, there was no contract, either express or implied, for his transportation, and he was not, therefore, entitled to that high degree of care to which a common carrier is held for the safety of those who have paid for their transportation as passengers. On the contrary, we think his relation to the defendant company, whether technically so or not, was in contemplation of law that of an intruder or trespasser, and the defendant owed him no duty, except the negative one, not maliciously, wantonly, or with gross and reckless carelessness to injure him. And the fact that the deceased in the present case was a boy 11½ years old cannot affect the application of the rule, for the reason that the absence of duty is the same as in the case of an adult, and the consequent absence of liability must be the same in both. It is true that children can recover for injuries in circumstances in which adults cannot; but there can be no recovery, even in the case of a child, unless there is negligence, and there can be no negligence without a breach of duty. In the present case the only duty which is or can be claimed as having been violated was a duty to protect the plaintiff's intestate when riding upon the engine from injury by derailment of the engine or otherwise; but we are wholly unable to see how any such duty can arise out of the circumstances of this accident. Clearly this boy was where he had no legal right to be. He was not a passenger, and was not upon the engine for the purpose of assisting in its operation in any way, but merely riding there with the permission of the engineer, and without the consent of the defendant company. The defendant owed him no duty, therefore, except, as above stated, not to wantonly or willfully injure him. Any other duty toward him could only spring up on the part of the defendant by an act of the engineer coming within the scope of the engineer's employment. Clark v. Colorado & N. W. R. Co., 165 Fed. 408, 91 C. C. A. 358, 19 L. R. A. (N. S.) 988; Snyder v. H. & St. Joe R. Co., 60 Mo. 413; Jackson v. C., R. I. & P. Railway Co., 178 Fed. 432, 102 C. C. A. 159; C., R. I. & P. Railway Co. v. Thurlow, 178 Fed. 894, 102 C. C. A. 128, 30 L. R.

A. (N. S.) 571; C., St. P., M. & O. Railway Co. v. Bryant, 65 Fed. 969, 13 C. C. A. 249.

[5] And the fact that the engineer permitted this boy to ride upon the engine cannot change the situation, unless it is made to appear that he had authority, either express or implied, to do so. "Beyond the scope of his employment the servant is as much a stranger to his master as any third person." Morier v. St. P. Ry. Co., 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793. Authority, either express or implied, to do an act, is always the test of the master's liability, and when an employé exceeds that authority, and does an act resulting in injury to another, he is not in the doing of that act the agent of his employer. In considering a case quite similar to the case before us, the Court of Appeals of New York stated the rule as follows:

"The solution of the questions at issue is not to be sought in the rules of law appertaining to common carriers. It must be obtained from the principles of the law of agency. The true inquiry is whether the conductor, as an agent of the defendant, had the power to take the plaintiff upon the train in such a way as to bind the defendant as a carrier to him as a passenger." Eaton v. Delaware, L. & W. R. R. Co., 57 N. Y. 382, 15 Am. Rep. 513.

And the Supreme Court of Missouri in Farber v. Mo. Pac. Ry. Co., 116 Mo. 81, 22 S. W. 631, 20 L. R. A. 350, said:

"It being then an uncontroverted fact that plaintiff was wrongfully, and without any lawful right whatever, on the train, the liability of the defendant to him for an injury he may have received is not founded upon the duty and obligations imposed by the law of common carriers, but is referable to the law of agency."

[6] The derailment of the engine and the happening of the accident, without more, raises no presumption of negligence for which the defendant was chargeable. In C. & N. W. Ry. Co. v. O'Brien, 132 Fed. 593, 67 C. C. A. 421, Judge Hook, speaking for this court, said:

"But, however this may be, it is obvious that it was of great importance to the railway company that the jury be instructed that the fact of derailment of the train did not in itself raise a presumption of negligence for which it was chargeable. Such an instruction was requested, and it was refused by the Circuit Court. It is familiar doctrine that in cases between employé and employer the law does not presume carelessness or negligence on the part of the latter. And the presumption in the case before us is that due care was exercised by the company in respect to the condition of the engine, cars, and railroad track, and also that those in charge of the operation of the train performed their duty."

In the case just cited an express messenger was injured by the derailment of a train upon which he was working. If the presumption of negligence would not arise in such a case, it certainly would not arise in the case of a trespasser.

[7] As we have already seen, the defendant owed the plaintiff's intestate no such duty as to render it liable for the mistakes or negligence of the engineer or fireman, in the absence of a showing that such negligence was wanton, willful, or intentional; and there is no evidence in this record tending to prove that there was any willful or intentional failure on the part of either of them to perform any duty in respect to the management of the engine. Their own safety was involved, and there can be no presumption that the engineer lost his life

and caused the death of this boy through a willful or intentional disregard of duty. The boy was riding on the fireman's side of the engine in a perfectly safe place, unless some accident happened to the engine. His position upon the engine was quite as safe as that of either the engineer or fireman. He was exposed to no risk to which they were not exposed; so that there is nothing in the circumstances surrounding this accident to justify the conclusion that the act or omission, if any, which brought it about amounted to wanton or willful negligence. The cause of the derailment of this engine was not definitely proved; but, if due, as the plaintiff contends, to the fact that it was being operated at a higher rate of speed than was considered safe for an engine running backward, that fact alone would not be sufficient to charge the defendant with such negligence as to make it liable for damages. As said by the Supreme Court of Iowa in Denny v. C., R. I. & P. Ry. Co., 150 Iowa, 460, 130 N. W. 363:

"So long as men are human they will make mistakes, and at times be guilty of carelessness. Few, however, are so base or so lacking in decent regard for human life as to willfully or wantonly do or omit an act of duty by which death or disaster to others may reasonably be expected to follow, and, in the absence of other facts pointing to such conclusion, neither court nor jury should, from the mere fact that an injury has been negligently occasioned, assume to characterize the conduct of the negligent person as willful or wanton."

[8] Under the facts established by the evidence, the "doctrine of last clear chance" can have no application in this case; neither is the question affected by the provisions of the Missouri statute called to our attention in the briefs of counsel. The case is one arising out of an unfortunate accident, for which the railway company is in no way legally responsible, and the action of the trial court in directing a verdict for the defendant must be affirmed.