## BEAL v. CHICAGO, B. & Q. R. CO. et al.

(District Court, E. D. Missouri, E. D.)

No. 6303.

1. **Removal of causes ⊚⇒49(3)—Joint action against resident and nonresident for negligence.**

When the only negligence alleged is that of the engineer or servant of a carrier in charge, and thus the liability of the carrier is bottomed solely on the rule of respondeat superior, the case is not removable by the nonresident carrier when sued jointly with the servant, who is a resident of the state of suit.

2. **Removal of causes ⊚⇒50—Joint action against resident and nonresident for negligence; "separable controversy."**

When two or more acts of negligence are averred in plaintiff's petition, in some of which the removing nonresident alone took part, and in others of which the resident defendant alone took part, and they are not clearly alleged to have operated jointly and concurrently in causing the injury complained of, a separable controversy exists, and the cause is removable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Separable Controversy.]

3. **Removal of causes ⊚⇒50—Joint action against resident and nonresident for negligence.**

When two or more acts of negligence are pleaded, and it is averred that all such acts operated jointly and concurrently as the direct, proximate, and producing causes of injury to plaintiff, the controversies are not separable, and the cause is not removable, even though as to one or more of such acts the removing nonresident defendant alone took part.

4. **Removal of causes ⊚⇒61—Joint action against resident and nonresident for negligence.**

When notwithstanding the averment in plaintiff's petition that the separate and independent acts of negligence of the resident and nonresident defendants jointly and concurrently operated to produce the injury complained of, it yet sufficiently appears from such petition that said acts, from their nature, or from the situation pleaded, or under the law of the state, could not have operated jointly and concurrently, it seems that a separable controversy exists and the cause is removable

5. **Removal of causes ⊚⇒61—Whether separable controversy exists is to be determined from plaintiff's pleading.**

Whether the acts of negligence pleaded in a joint action against a resident and a nonresident defendant are joint and concurrent, or whether they operated jointly and concurrently in causing the injury, is to be determined from the language of plaintiff's petition, when read and construed in the light of the local or state law.

At Law. Action by Timothy Beal against the Chicago, Burlington & Quincy Railroad Company and others. On motion to remand to state court. Granted.

Mark D. Eagleton, of St. Louis, Mo., for plaintiff.
Douglas W. Robert, of St. Louis, Mo., for defendants.

FARIS, District Judge. Plaintiff, a citizen and resident of Missouri, sued defendant Chicago, Burlington & Quincy Railroad Company, a citizen and resident of the state of Illinois, in a state court, for damages bottomed upon negligence, and joined as codefendants herein two Missouri corporations. The state court refused to allow a

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

removal to this court (though on the filing by the nonresident defendant of a proper and sufficient bond and petition it had no discretion in the premises), and thereupon the petitioning nonresident defendant lodged the transcript here, and plaintiff now moves to remand, on the ground that the petition of plaintiff discloses a joint and not a separable controversy. Whether the case pleaded presents a separable controversy is the sole question presented.

The petition of plaintiff sets out eleven different acts of negligence, in five of which the removing defendant alone acted and had part. It avers two other acts of negligence in which, it is said, the removing defendant acted in conjunction with, or was guilty of joint negligence with, its codefendant, St. Louis Merchants' Bridge & Terminal Railroad Company (which, though it does not matter, I believe is a citizen and resident of Missouri), and it avers four other acts of alleged negligence, on the part of the Gus. V. Brecht Butchers' Supply Company, a Missouri Corporation, in which latter acts neither of the other defendants had or took any part. It then avers "that all of the aforesaid negligence of all defendants concurred and directly and proximately caused said collision," and directly caused and brought about the hurts and injuries suffered by plaintiff.

I am of the view, that a few fairly well-settled rules will suffice to decide the question thus presented. These are:

[1] (a) When the only ground of negligence averred is the personal negligence of the engineer, pilot, driver, or servant in charge of a common carrier, and when thus the liability of such carrier is bottomed solely upon the rule of respondeat superior, since, in such a situation, if the engineer, etc., were not guilty of negligence, and therefore liable, the carrier could not have been negligent, and could not possibly be liable, no separable controversy exists, and the case is not removable, when the carrier is sued jointly with its servant in charge, or in control of the offending vehicle or instrumentality. Alabama, etc., Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 200 U. S. 206, 50 L. Ed. 441, 4 Ann. Cas. 1147.

[2] (b) When two or more grounds of alleged negligence are averred in plaintiff's petition (and they either are not alleged to have operated, or they are not clearly alleged to have operated, jointly and concurrently in causing the injury complained of), in some of which the removing nonresident defendant only took part, and in others of which the resident defendant alone took part, a separable controversy exists and the case is removable. Nichols v. Railroad, 195 Fed. 913, 115 C. C. A. 601; Jackson v. Railroad, 178 Fed. 432, 102 C. C. A. 159.

[3] (c) When two or more acts of negligence are pleaded, and it is averred that all of such acts operated jointly and concurrently as the direct, proximate, and producing causes of the injury to plaintiff, the controversies are not separable, and the case is not removable, even though, as to one or more of such acts of negligence, it is averred in plaintiff's petition that the removing nonresident defendant alone took part. Chicago, etc., Ry. Co. v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090; Alabama, etc., Ry. Co. v. Thompson, su-

pra; Chesapeake, etc., Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 25 L. Ed. 121.

[4] (d) When, notwithstanding the averment in plaintiff's petition that the separate and independent negligent acts of both the resident and the nonresident defendants jointly and concurrently operated in producing the injury, it yet sufficiently appears in such petition that said acts, from their nature, or from the situation pleaded, or under the law of the state, could not have operated jointly and concurrently, it seems that a separable controversy exists, and the case is removable. Trivette v. Railroad, 212 Fed. 641, 129 C. C. A. 177.

[5] (e) Whether the acts of negligence pleaded are joint and concurrent or whether they operated jointly and concurrently in causing the injury, is to be determined by, and from the language of, the petition filed by the plaintiff, when this is read and construed in the light of the local or state law. Illinois, etc., Ry. Co. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208. The point ruled in subdivision (a), supra, is, strictly speaking, not involved here, but the question dealt with has been one which has brought about much diversity of opinion in this district; hence I deem it wise to express my views upon it, since it falls within the purview of the general subject herein up for judgment.

Upon application of the above considerations to the case at bar, it follows that the motion to remand ought to be sustained, which is accordingly ordered, and the case remanded to the state circuit court whence it came.