ANDREW POPADINES, Respondent, *v.* JAMES C. DAVIS, Director-General of Railroads, as Agent under Section 206 of the Transportation Act of 1920, Appellant.

First Department, May 15, 1925.

Railroads — action under Federal Employers' Liability Act, §§ 1 and 3, by employee engaged in interstate commerce to recover for injuries suffered — fellow-employee pulled plaintiff's cap down and plaintiff slipped, fell and broke end of spine — no liability where act of fellow-servant is outside of employment — defendant is not liable.

The plaintiff cannot recover, under sections 1 and 3 of the Federal Employers' Liability Act, for personal injuries suffered while he was working on a railroad engaged in interstate commerce, since it appears that a fellow-employee pulled the plaintiff's cap over his face and that the plaintiff, while endeavoring to raise the cap, slipped, fell and broke the end of his spine.

No liability attaches where the act of the fellow-employee was, as in this case, entirely outside the scope of his employment.

Appeal by the defendant, James C. Davis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of July, 1923, upon the verdict of a jury for $1,087.50, and also from an order entered in said clerk's office on the 1st day of June, 1923, denying defendant's motion for a new trial made upon the minutes.

The jury returned a special verdict of plaintiff's contributory negligence with an allowance of damages for $362.50.

*Alexander S. Lyman* [*William Mann* of counsel], for the appellant.

*T. Louis A. Britt,* for the respondent.

Dowling, J.:

On January 6, 1919, plaintiff, who was in the employ of the then Director-General of Railroads, was working on the tracks of the New York Central railroad, between One Hundred and Thirty-eighth and One Hundred and Thirty-ninth streets, in the city of New York, and while so working a fellow-employee, by name of Sokolowsky, employed in the same gang and doing the same work as the plaintiff, came to plaintiff, and (as plaintiff testified) put his hand upon plaintiff's shoulder and asked him to shake hands. The plaintiff shook hands with him and Sokolowsky then walked away. Thereafter Sokolowsky returned and without saying anything to the plaintiff " grabbed " plaintiff's cap and pulled it down over his face, saying, " How are you? " At about the same time the plaintiff heard a whistle and thought that a train was coming. He attempted to pull his cap up and while doing so his feet slipped into a hole, as the tie was wet and covered with ice, and he fell or sat down upon one of the rails, receiving a fracture of the end of the spine, necessitating an operation for the removal of the broken piece of the coccyx.

This action is brought under the Federal Employers' Liability Act, the sections with which we are concerned being as follows:

Section 1. " Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or

in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Section 3. " In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." (35 U. S. Stat. at Large, 65, chap. 149, § 1; Id. 66, chap. 149, § 3.)

In order to bring the case within the purview of that act, two things are necessary: *First,* the defendant carrier must be, at the time the injury is sustained, engaged in interstate commerce; and the employee must be so employed when he is injured; *second,* the injury must have resulted in whole or in part from the negligence of some officer, agent or employee of such carrier, or by reason of some defect or insufficiency due to its negligence in its cars, appliances, track or equipment.

It is conceded that the first requisite was present in this case. The only question remaining is whether the injury was the result of negligence of an employee of the defendant carrier.

I think it is clear that Sokolowsky at the time of his acts complained of, was not engaged in the prosecution of any business of his master. The question is to be tested by the decisions of the Federal courts.

In *Southern R. Co.* v. *Gray* (241 U. S. 333, 338) Mr. Justice McREYNOLDS said: " As the action is under the Federal Employers' Liability Act, rights and obligations depend upon it and applicable principles of common law as interpreted and applied in Federal Courts."

The general rule is thus laid down in Roberts on Federal Liabilities of Carriers (Vol. 1, § 537) under the topic " Injuries to Interstate Employes; Negligence Under Federal Act," as follows:

" § 537. Negligent Act Must have been Committed while Employe was Acting within Scope of Employment. A carrier is not liable for every act of negligence causing injury to one employe by another. The negligent act causing the injury must have been

committed while the employe at fault was in the prosecution of the carrier's business; for, when an employe voluntarily and without necessity growing out of his work abandons the employment and steps entirely aside from the line of his duty, he suspends the relation of employer and employe. When the negligent act which causes an injury to or the death of an employe had no relation whatever to the employment, the carrier is not liable, for the employe at fault must have been, when committing the act, within the scope of his employment. And if an employe is injured or killed at a time and place and from a cause disconnected with his employment for the carrier, the carrier is not liable for the statute requires the servant injured to have been at the time employed in interstate commerce."

In *Jackson* v. *Chicago, R. I. & P. R. Co.* (178 Fed. 432, 435) District Judge McPherson said: "The test of the employer's liability is not in the fact that the negligent act of the servant was during the existence of his employment; nor is the test that his act was done during the time he was doing some act for his employer. But the test is: Was the act causing the injury done in the prosecution of the master's business?"

In *Davis* v. *Green* (260 U. S. 349, 351) the United States Supreme Court held that a railroad company is not liable under the Federal Employers' Liability Act for an injury inflicted by the wanton, willful act of an employee, out of the course of his employment.

The cases under the New York State Workmen's Compensation Law have no bearing upon the question at issue. Under that law, compensation for injury is a necessary incident, irrespective of any question of negligence upon the part of the employer. Under the Federal statute, this is not the case, but negligence upon the part of the employer must be proved as required thereby. Thus in dealing with the State statute, Judge Cardozo said in *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470, 473): "The risks of injury incurred in the crowded contacts of the factory through the acts of fellow-workmen, are not measured by the tendency of such acts to serve the master's business. Many things that have no such tendency are done by workmen every day. The test of liability under the statute is not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority. The test of liability is the relation of the service to the injury, of the employment to the risk." And in *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192) Judge Elkus wrote (at p. 197): "The Workmen's Compensation Law should be construed broadly. Compensation under it does not depend on any fault of the master or any negligence of the servant. The law was enacted to do away

with the defenses which had governed the law of master and servant." And (at p. 199): "The purpose of the Compensation Act was to benefit certain workmen otherwise without legal recovery. Under its provisions they may receive compensation independent of the fault of the employer at common law or other statutes."

In the case now before us the actions of Sokolowsky in indulging in "skylarking" with plaintiff, whatever his motive or intent, have absolutely no relation to his duty to his employer and were not done in the course of such duty, and these voluntary, willful and purely personal performances of his could not impute negligence to the employer, rendering the latter liable under the Federal statute for the consequences thereof.

The judgment and order appealed from should, therefore, be reversed, with costs to appellant, and the complaint dismissed, with costs.

CLARKE, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.