## CULP v. BALDWIN et al.
### No. 10645.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1937.

Tom W. Campbell, of Little Rock, Ark. (J. H. Lookadoo, of Arkadelphia, Ark., on the brief), for appellant.

Henry Donham, of Little Rock, Ark. (Robert E. Wiley, of Little Rock, Ark., on the brief), for appellees.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This action was originally brought by appellant in the state court of Arkansas, to recover damages for the death of appellant's intestate. We shall refer to the parties as they appeared below.

The action was brought against the trustees of the Missouri Pacific Railroad Company and two resident defendants. The trustees named were residents and citizens of St. Louis, Mo., while the plaintiff was a resident and citizen of Arkansas. On motion of the trustee defendants the action was removed to the federal court, on the allegation that a separable controversy existed as to such defendants. Plaintiff in due time moved to remand. The motion was submitted upon the record without other evidence or proof. The motion being denied, plaintiff declined to proceed further, and a judgment of dismissal was entered, from which this appeal is prosecuted. The sole issue presented arises from the action of the lower court in denying plaintiff's motion to remand. There being no claim of fraudulent joinder, and this being an action at law, the question as to whether a separable controversy is presented is to be determined by an examination of plaintiff's complaint, viewed from the standpoint of the law of the state of Ar-

kansas. Leonard v. St. Joseph Lead Company (C.C.A.8) 75 F.(2d) 390.

The complaint is very brief. It alleges plaintiff's appointment and qualification as administrator; that plaintiff's intestate was struck by an automobile driven by defendant Robinson; that she left as her sole heirs at law certain named persons, all residents of Arkansas; that the defendant railroad company was a corporation organized and existing under the laws of Missouri, and that it was and is operating a line of railroad extending from St. Louis, Mo., to Texarkana, Ark., through the town of Gurdon, Ark.; that through voluntary proceedings for its reorganization, the trustee defendants were appointed, and were and are in possession and control of said line of railroad; that said trustee defendants were residents and citizens of St. Louis, Mo., and the defendants Robinson and Adkins were residents and citizens of Gurdon, Ark. Following these preliminary and formal allegations, the cause of action is stated as follows:

"Plaintiff states that this is a suit for damages for personal injuries, pain and suffering that plaintiff's intestate received on the 11th day of June, 1935, about eight o'clock A. M., when she was standing on the sidewalk on the north side of the street that crosses the Missouri Pacific Railroad, the first crossing north of the coal chute in the Town of Gurdon, Clark County, Arkansas.

"That the defendant Missouri Pacific Railroad Company had carelessly and negligently left one of its freight trains standing across the crossing, for an unusual length of time and contrary to its custom; that defendant T. O. Adkins had driven his truck up to the crossing and waited for the train to be cut for some fifteen minutes and decided that defendant Railroad Company was not going to cut the train in any time soon and carelessly and negligently backed his truck and trailer back into the street that runs parallel with the railroad company's tracks, north and south, just as defendant A. G. Robinson was going north on the street running parallel with the railroad at a careless and negligent rate of speed without having his car under proper control and precaution, glanced the back end of the trailer that was being backed into the street by Adkins which caused him to lose control of the car and he left the street, ran onto the sidewalk and hit plaintiff's intestate, knocked and dragged her some twelve or fourteen feet, injuring her head, crushing her shoulder and bruising other parts of her body to the extent that she died within two hours from that time."

The other allegations go to the question of damages and are not here material.

■ Is a joint liability arising out of the concurrent negligence of the nonresident and resident defendants alleged? If so, there being no claim of fraudulent joinder, the motion to remand should have been granted. On the other hand, if the nonresident defendants are charged with different and nonconcurrent negligence, a separable controversy is presented. Beal v. Chicago, B. & Q. R. Co. (D.C.) 298 F. 180, 181; Jackson v. Chicago, R. I. & P. Ry. Co. (C.C.A.8) 178 F. 432; Trivette v. Chesapeake & O. R. Co. (C.C.A.6) 212 F. 641, 643; Epperson v. Midwest Refining Co. (C.C.A.8) 22 F.(2d) 622; Des Moines Elevator & Grain Co. v. Underwriters' Grain, Assn. (C.C.A.8) 63 F.(2d) 103, 106; Stewart v. Nebraska Tire & Rubber Co. (C.C.A.8) 39 F.(2d) 309; Davis v. St. Louis & S. F. Ry. Co. (D.C.) 8 F.Supp. 519, 521; Coker v. Monaghan Mills (C.C.) 110 F. 803; Simkins Fed. Practice, § 1170; 4 Hughes Fed. Practice, § 2376.

The only allegation charging the defendant Missouri Pacific Railroad Company with negligence is as follows: "That the defendant Missouri Pacific Railroad Company had carelessly and negligently left one of its freight trains standing across the crossing for an unusual length of time and contrary to its custom." As to the defendant Adkins, it is alleged that after waiting for the train to be cut for some fifteen minutes, he decided the Railroad Company was not going to cut the train "in any time soon, and carelessly and negligently backed his truck and trailer back into the street." It is then alleged that defendant Robinson carelessly and negligently struck the back end of the trailer being backed by Adkins, causing him to lose control of his car which left the street and hit plaintiff's intestate.

■ It is observed that concurrent negligence between defendants Adkins and Robinson is alleged, at least by inference. The railroad company, however, is not charged nor concerned with the alleged negligence relating to the backing up of the automobile by Adkins, nor the careless driving by Robinson. There is no allegation of concurrent negligence, and it appears from the allegations of the complaint that the alleged

negligence of the defendant railroad company did not concur with the negligence of either of the other defendants in causing plaintiff's intestate's injuries. Under these circumstances, the issue between the plaintiff and the trustee defendants presented a separable controversy.

In Simkins Federal Practice, § 1170, the rule is thus stated: "So, where separate acts of negligence are charged, without alleging that they were concurrent in producing injury, a separable controversy arises as to the nonresident defendant. The same has been held where the liability arose under different statutes fixing different grounds of liability."

In 4 Hughes Federal Practice, § 2376, the author says: "The test of such a controversy is the cause of action stated in the complaint. If it is joint in character and no attack is made upon the good faith of the action, no separable controversy is presented as a basis for removing the cause. But if a complaint in a joint action for tort by a resident plaintiff against a resident and non-resident defendant fails to allege facts showing a joint cause of action, or alleges facts showing separate causes, or fails to allege facts showing any cause of action against the resident defendant, there is a separable controversy which entitles the non-resident to remove the cause. * * *"

In Beal v. Chicago, B. & Q. R. Co., supra, Judge Faris, then District Judge, said:

"When two or more grounds of alleged negligence are averred in plaintiff's petition (and they either are not alleged to have operated, or they are not clearly alleged to have operated, jointly and concurrently in causing the injury complained of), in some of which the removing nonresident defendant only took part, and in others of which the resident defendant alone took part, a separable controversy exists and the case is removable. Nichols v. Railroad, 195 F. 913, 115 C.C.A. 601; Jackson v. Railroad, 178 F. 432, 102 C.C.A. 159.

"When two or more acts of negligence are pleaded, and it is averred that all of such acts operated jointly and concurrently as the direct, proximate and producing causes of the injury to plaintiff, the controversies are not separable, and the case is not removable, even though, as to one or more of such acts of negligence, it is averred in plaintiff's petition that the removing nonresident defendant alone took part."

In Jackson v. Chicago, R. I. & P. Ry. Co., supra, a removal on the ground of a separable controversy was sustained. In that case there was joined with the railway company a section foreman under whom plaintiff's intestate worked. The court held that the cause of action as stated by plaintiff was separable for the reason that the statute fixing the liability of the railway company determined the cause of action against it, but was not applicable to any cause of action against the section foreman.

In Trivette v. Chesapeake & O. R. Co., supra, the engineer was joined with the railroad company. The negligence with reference to the railroad company had to do with the maintenance of proper means of access to the railway station and platform. In the course of the opinion it is said:

"It is clear that the engineer is neither charged nor concerned with the alleged negligence relating to the means of access to the railway station and platform. As to this ground of negligence, therefore, a separable controversy existed, which was removable to the federal court, unless the negligence in operating the train and the negligence with respect to the depot and platform are sufficiently alleged to have concurred in producing the accident. * * * It does not follow from the fact that the railroad is alleged to be negligent with respect to the approaches to the depot and platform, and the company and its engineer charged to be negligent with respect to the operation of the train, that a concurring action of the two alleged classes of negligence is charged. * * *

"While, according to this statement, the accident would not have happened but for the negligent operation of the train, there is neither allegation nor necessary inference that it would not have happened but for the character of the approach provided to the depot and platform."

In the instant case, the alleged negligence of the railway company in permitting its train to stand an unusual length of time on a public crossing had no direct bearing upon the injury to plaintiff's intestate. The company had no concern with nor part in the negligence of either of the other defendants. If, instead of injuring plaintiff's intestate in backing up from this crossing, Adkins had concluded to drive around the block and had negligently caused this injury on the other side of the block,

it could certainly not be claimed that the negligence of the railway company concurred with that of Adkins in causing the accident. The negligence charged against the railway company was separate and distinct, and, if actionable, the plaintiff could bring suit against it. As said by Judge Sanborn, speaking for this court in Des Moines Elevator & Grain Co. v. Underwriters' Grain Ass'n, supra: "Where there exists in any suit a separate and distinct cause of action on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, there is a separable controversy."

In Davis v. St. Louis & S. F. Ry. Co., supra, in an opinion by Judge Kennamer, it is said: "It has been held that although there may be, in a suit against two or more defendants, one of whom is a nonresident, charges of concurrent negligence against all, yet, if there is also a distinct charge of negligence against the nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy and removable."

Great reliance is placed by plaintiff on the opinion of this court in Watson v. Chevrolet Motor Company, 68 F.(2d) 686. In that case it was alleged in plaintiff's pleading that he was driving an automobile upon the highway at a point where it was intersected by a byroad on which the individual defendants were driving; that a collision occurred, causing injuries sued for; that the nonresident defendant maintained a billboard on the highway, which obstructed plaintiff's view and the view of the defendants other than the nonresident defendant. It was then charged that the resident defendants negligently failed to give plaintiff any warning of their approach; that they negligently drove their car on the left of the center of the intersection of the highways; that they negligently failed to stop before entering the intersection. It was also alleged that the Chevrolet Motor Company, the nonresident defendant, carelessly maintained the billboard in violation of law, and that the billboard thus maintained prevented plaintiff from seeing the approach of the individual defendants in time to avoid the collision. In that case the negligent act of the Chevrolet Motor Company in maintaining the billboard concurred with the acts of negligence of the other defendants in causing plaintiff's injuries. In other words, there were facts showing concurrent negligence contributing to plaintiff's injuries, whereas, in the instant case, a separate act of negligence was charged against the railway company with no allegation that it concurred with the acts of negligence of the other defendants in causing the death of plaintiff's intestate. There is here no question of joining an employer and employee, nor a principal and agent, but the nonresident defendants are charged with different, separate, and nonconcurring acts of negligence.

Appellant's entire argument is bottomed on the asserted rule that in determining removability, the court should consider only whether there was a real intention to obtain a joint judgment, and whether there is a colorable ground for it shown by the allegations of the complaint. In support of this proposition a number of authorities are cited, including Huffman v. Baldwin (C.C.A.) 82 F.(2d) 5; Morris v. E. I. Du Pont De Nemours & Co. (C.C.A.) 68 F.(2d) 788; Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473. This indicates that appellant misconceives the nature of the issue here involved. In all these cases a joint cause of action was in fact pleaded against two defendants, one a nonresident and the other a resident, but it was charged that a resident defendant had been fraudulently joined for the purpose of defeating the jurisdiction of the federal court. As against a charge of fraudulent joinder, it is enough to show that there existed a real good faith intention to obtain a joint judgment, and that a colorable ground for it was shown. But this is not a case involving any question of fraud in the joinder of defendants, but a case in which, neither by direct averment nor by fair implication, is a joint cause of action pleaded. Under such circumstances, the intent, purpose, or good faith of the plaintiff can have no possible bearing on the question of whether plaintiff's complaint presents a separable controversy. That question must be determined from the allegations of the complaint itself. Alabama Great So. R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551; Beal v. Chicago, B. & Q. R. Co., supra; Henderlong v. Standard Oil Co. (D.C.) 17 F.(2d) 184.

We are of the view that plaintiff's complaint presented a separable controversy as to the nonresident defendants, and the judgment appealed from is therefore affirmed.