## POPE and others *v.* CHENEY and others.

*(Circuit Court, S. D. Iowa, C. D.*  October Term, 1884.)

REMOVAL OF CAUSE—FAILURE TO FILE TRANSCRIPT—SECOND REMOVAL.

If a party exercises his right to remove a case into a federal court, and, by filing the requisite petition and bond, deprives the state court of jurisdiction, and confers it upon the federal court, and through his own fault he fails to file the transcript in the United States court, and, after a delay of a year, procures the redocketing of the cause in the state court, and fully recognizes the jurisdiction of that court, he cannot be allowed to remove the cause again to the federal court on another ground than that first alleged, when his delay is not excused, and it is not shown that such ground did not exist at the time of the first removal.

Law.  Motion to remand.
*Wright, Cummins & Wright,* for plaintiffs.
*E. J. Goode,* for defendants.

SHIRAS, J.  This cause was removed from the circuit court for Polk county, Iowa, and is now before this court upon a motion to remand, filed by the defendant Cheney and intervenor Porter.  The record shows that the action was commenced on the third of November, 1881, and that on the fourteenth day of October, 1882, the plaintiffs filed a petition for the removal of the case to the United States court, on the ground that plaintiffs were citizens of the state of Illinois, and the defendants citizens of Iowa, the amount in controversy being in excess of $500.  On the twenty-fifth day of October, 1882, the state court approved the bond and ordered the transfer of the case to this court.  The plaintiffs failed to file a transcript in this court under this petition and order, and on the thirtieth day of October, 1883, the case was redocketed in the state court on the motion of plaintiffs, and placed upon the trial calender, and several motions touching the pleadings were submitted to and passed upon by the state court.  On the twenty-ninth of September, 1884, the plaintiffs filed a petition, affidavit, and bond for the removal of the cause into this court, on the ground of local prejudice, and, the state court approving the bond, thereupon the plaintiffs filed the proper transcript in this court on the twenty-first of October, 1884.  The defendant and intervenor now move to remand the case to the state court upon the ground that by failing to perfect the removal of the case under the first application, and after the lapse of a year, causing the case to be redocketed in the state court, and having fully submitted the case to the jurisdiction of the state court, plaintiffs have waived or lost their right of removal to this court.

In the case of *St. Paul & C. Ry. Co.* v. *McLean,* 108 U. S. 212, S. C. 2 Sup. Ct. Rep. 498, it appeared that the defendant had removed the cause from the state to the federal court, but failed to file a transcript in the United States court on the first day of the term, it being filed on the third day.  The United States circuit court, on mo-

tion, remanded the case, and thereupon the defendant promptly filed a second petition for removal, upon the same grounds that were set forth in the original petition, and at once filed the transcript in the United States court. The cause was again remanded, and the supreme court held that "when the circuit court first remanded the cause, the order to that effect not being superseded, the state court was reinvested with jurisdiction which could not be defeated by another removal upon the same grounds and by the same party. A different construction of the statute, as may be readily seen, might work injurious delays in the preparation and trial of causes."

In the case at bar the second removal is sought by the same party, but not wholly upon the same grounds. The right of removal of a cause from a state to a federal court is a mode of enforcing the right of citizens of different states to submit causes between them to the decision of a court of the United States. The statutes regulating this right of removal define the circumstances under which the right may be exercised; yet the ultimate object of the several provisions is the same, to-wit, the enabling litigants who are citizens of different states to submit the controversies pending between them to the decision of the federal tribunals. When a citizen of Illinois, for instance, is sued by a citizen of Iowa, in one of the courts of Iowa, for an amount in excess of $500, the cause is one within the jurisdiction of the United States courts, and under the existing statute it may be removed into the federal court of the proper district. The right of removal conferred by the act of congress is intended to enable the party entitled thereto to remove the cause into the federal court, and if the party exercises the right, and, by filing the requisite petition and bond, deprives the state court of jurisdiction and confers it upon the federal court, then the litigant has enjoyed the benefit of the right of removal, and if, through his own fault, he fails to file the transcript in the United States court, and after the delay of a year he then procures the redocketing of the cause in the state court, and fully recognizes the jurisdiction of that court, should he be again permitted to remove the case into the federal court?

The case of St. Paul & C. Ry. Co. v. McLean, supra, declares that the same party cannot remove the case upon the same grounds, the reason assigned for the ruling being that a different construction of the statute might work injurious delays in the preparation and trial of causes. Does not the same reason apply, even though the second removal may be asked for upon a different ground? So far as appears in this case, when the plaintiffs herein first petitioned for a removal, they could have made the application and obtained the removal under either section of the statute. It is not shown that there has been any change of circumstances, or in the facts connected with the case, or that the local prejudice or influence now complained of did not exist when the first removal was petitioned for. The plaintiffs had the right to remove the case. They did in fact remove it,

and deprived the state court of jurisdiction for a full year. They then caused the case to be redocketed in the state court, and then, in about a year after this was done, they again petitioned for a removal of the case, assigning as a reason the existence of local prejudice. No reason is given for this delay; nor is it shown that the local prejudice complained of has arisen or come to their knowledge since the redocketing of the case in the state court.

It is apparent, if it be held that the right of removal exists absolutely, under such circumstances, that parties will be enabled to use the right of removal which is conferred simply to enable parties to transfer cases into the federal courts for trial, as a means of delay and protracting litigation to the manifest injury of the other parties in interest. Under such circumstances, we think the federal court should refuse to entertain jurisdiction of the case.

Motion to remand is sustained.