## FRITZLEN v. BOATMEN'S BANK.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 99. Argued January 28, 29, 1909.—Decided February 23, 1909.

If, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties, that the cause is removable, a second application to remove can be made, and the right to make it is not controlled by the previous remanding order; nor is the granting of the order to remove under such circumstances a refusal to give effect to such previous order to remand.

In this case, *held* that in an action to foreclose, where the junior encumbrancer as plaintiff joined the senior encumbrancer as a defendant and attacked the validity of his lien, as did the owner of the property, also a defendant, a separable controversy existed between the senior encumbrancer on the one side and the owner and the junior encumbrancer on the other side, which was removable, as diverse citizenship existed when the parties were so arranged; and such removal could not be prevented either by the unnecessary joinder of the senior encumbrancer, or because prior to the filing of the reply showing the separable nature of the controversy a remanding order had been made.

*Powers v. Chesapeake & Ohio Ry. Co.*, 169 U. S. 92, followed as to when an application for removal is made in time.

75 Kansas, 479, affirmed.

THE facts are stated in the opinion.

*Mr. D. R. Hite*, with whom *Mr. H. J. Bone* and *Mr. F. C. Price* were on the brief, for plaintiffs in error.

*Mr. James S. Botsford*, with whom *Mr. Buckner F. Deatherage* and *Mr. Odus G. Young* were on the brief, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

On the twenty-third of July, 1903, in a court of the State of Kansas, William H. Weldon, a citizen of that State, sued

D. G. Fritzlen and his wife Edna, also such citizens, and the
Boatmen's Bank, a corporation organized under the laws and
a citizen of Missouri.   The cause of action against the Fritzlens
was a note for $3,750, dated July 2, 1903, maturing in ten days,
alleged to be secured by mortgages covering described real
estate and certain live stock.   The bank was made a defend-
ant upon the averment that it claimed to have a mortgage on
the real estate and personal property which secured the note
sued on, and this alleged mortgage was asserted to be illegal
and void, and, in any event, to be "junior and subordinate
to the right, title, interest and lien of this plaintiff."   Judg-
ment for the amount of the note with interest was prayed, as
also that the mortgage securing the same be decreed to be a
first and prior lien over all others on the property; that so much
of the property as was necessary be sold to satisfy the judgment;
and that "the pretended claim, lien and interest of the said
defendant, the Boatmen's Bank, be declared to be illegal and
void."   Summons by publication was made, calling upon the
bank to answer before September 4, 1903.   On July 30 Weldon
applied for a temporary injunction, preventing the defendants,
pending the suit, from removing any of the property beyond
the jurisdiction of the court, and a restraining order was al-
lowed.   On August 13, 1903, the bank demurred to the peti-
tion, because facts adequate to establish that the mortgage
by it held was invalid were not averred, and because two
distinct causes of action were unlawfully joined, the one to
enforce the alleged mortgage against the Fritzlens and the
other assailing the rights of the bank.   On the day the demurrer
was filed the bank, giving the necessary bond, asked removal
of the cause to the Circuit Court of the United States for the
District of Kansas, on the ground that the controversy as to
the validity of its mortgage was separable from the controversy
concerning the enforcement of the alleged mortgage against
the Fritzlens, and additionally because of local prejudice.
On September 14 the Circuit Court of the United States, pre-
sided over by Lochren, J., overruled motions to remand made

by Fritzlen and Weldon, the court basing its action upon the separable nature of the controversies and not considering the ground of local prejudice, and on that day the court dissolved the restraining order previously allowed by the state court. A copy of the order refusing to remand was filed in the state court. On the ninth of October, 1903, in the United States District Court for the District of Kansas, the bank brought an action of replevin for the possession of the personal property embraced in its mortgage, and the marshal, under a writ of replevin, took and delivered the property to the bank. More than six months after the order refusing to remand the Circuit Court of the United States for the District of Kansas, presided over by Pollock, J., granted a motion of Weldon to remand the cause to the state court. In making this order the court considered that the prior refusal to remand was not binding upon it, because it deemed the question of jurisdiction to be always open, and it was its plain duty to decline to take jurisdiction over a cause if the power to entertain it did not obtain. 128 Fed. Rep. 608.

Thereupon the bank in the state court, on May 14, 1904, withdrew its demurrer and answered. Besides denying the averments of Weldon's petition, it was alleged that the bank was the holder for value of a note of Fritzlen for $32,920.15, dated November 30, 1901, and secured by mortgage on the personal and real property referred to in the petition of Weldon, the mortgage having been recorded on December 6, 1901. It was averred that the lien of the bank was paramount to any lien resulting from the Weldon mortgage. The prayer was only this: "Wherefore, having fully answered, said Boatmen's Bank prays judgment and that it may go hence without day," and with costs in its favor. About ten days after, the Fritzlens applied to the state court for an order directing the bank to restore to them the personal property taken under the writ of replevin. The motion stated the prior issue of a restraining order; recited the facts as to the refusal to remand by Lochren, J., the bringing of the replevin suit, and the subsequent

remanding of the cause under the order of Pollock, J. It was recited that the replevin suit had been dismissed for want of jurisdiction by the Circuit Court of the United States. Upon this motion, on the same day, the court directed the return of the property, or if sold, the deposit of the proceeds in a designated bank. As the effect of this order and the subsequent procedure concerning it is not relevant to the question which we are called upon to decide, it is not necessary to further refer in detail to the subject. Suffice it to say that the bank thereafter moved to set aside the order on the ground, among others, that the restraining order had been set aside by the Circuit Court of the United States while the case was there pending, and that although the replevin suit had been dismissed for want of jurisdiction the question of the rightfulness of the dismissal was pending before the Circuit Court of Appeals for the Eighth Circuit.

On the twenty-sixth day of May, 1904, Fritzlen answered the petition of Weldon, by admitting the debt and mortgage, but charging that all the interest claimed was not due. The answer then proceeded to set out matters which were alleged to be Fritzlen's "cause of action against his co-defendant, the Boatmen's Bank." The matters alleged on this subject were substantially as follows:

First. It was charged that the note which was held by the Boatmen's Bank embraced the sum of previous note or notes given by Fritzlen to the firm of Elmore & Cooper, and an association known as the Elmore & Cooper Live Stock Commission Company, a Missouri corporation. These previous notes, it was charged, were secured by a chattel mortgage, but were not negotiable, and had been assigned to the Boatmen's Bank, and were subject to any equity existing in favor of Fritzlen. The notes, it was alleged, were made up in considerable part of charges or commissions which had been exacted by Elmore & Cooper or the commission company for commissions relating to the sale and handling of live stock for Fritzlen at the Kansas City stock yards. These commissions, it was alleged, had been

exacted because of an illegal combination in restraint of trade, in violation of the laws of the State of Kansas controlling the method of doing business at the Kansas City stock yards, to which Elmore & Cooper and the commission company were parties, and hence Fritzlen was entitled to recover the sum thereof. The amount of the commissions thus referred to exceeded three thousand dollars.

Second. That prior to the time when the bank had acquired the note or notes from Elmore & Cooper or the commission company, and subsequent thereto up to the time when the bank obtained the note described in its answer, it was a Missouri corporation, and had not complied with the laws of Kansas authorizing foreign corporations to do business in that State. It was charged that the dealings concerning the assignment of the notes from Elmore & Cooper and the commission company, as well as the dealings which led up to the giving of the note upon which the bank relied, as well as other transactions, constituted a doing of business in Kansas by the bank in violation of law, and therefore the note was void.

Third. That prior to the giving of the note which the bank held, negotiations had supervened between the bank and Fritzlen, having reference to the liability of the latter for the note or notes which the bank had acquired from Elmore & Cooper and the commission company. That as a result of these negotiations it had been contracted between the bank and Fritzlen that the bank would make to Fritzlen additional advances of money to enable him to carry on the business of his stock farm in Kansas, and would furnish to Fritzlen the food required to feed his stock on his ranch during the winter of 1902–1903, and that as a result of these understandings it was agreed between them that Fritzlen give a new note to the bank for the amount of its previous claims and advances, which should be secured by a chattel mortgage as well as one upon real estate, and that the note held by the bank was given as the result of this agreement. It was then charged that although the bank had repeatedly been called upon to comply

with its contract to furnish the food for the cattle, it had failed to do so, and as a result of a sudden and rigorous blizzard in the winter of 1903 over five hundred head of the cattle perished by starvation and the remainder were reduced in value, resulting in a loss of at least twenty thousand dollars. The sum of this loss was asserted to be due by the bank to Fritzlen.

Fourth. Further, it was charged that although after the bringing of the suit by Weldon a restraining order had been by him obtained forbidding the removal of the cattle which were covered by the chattel mortgage, the bank had illegally taken possession of and removed cattle to the value of twenty-five thousand dollars, and was liable to Fritzlen to return the same or to pay their value. The answer concluded by a prayer that an account be taken by the court of the debt due by Fritzlen to the plaintiff Weldon, so as to fix the sum of the interest due thereon; that the note held by the bank and the chattel mortgage securing the same be decreed to be null and void; that an account be stated between the bank and Fritzlen without reference to the amount of the note held by the bank, so as to exclude illegal charges previously made by Elmore & Cooper and the commission company, and that the bank, in the accounting, be charged with the loss occasioned by the death or injury of cattle caused by its failure to supply food under its contract. It was additionally prayed that it be decreed that the real estate mortgage held by the bank had been completely paid, and consequently that all liens arising therefrom be decreed to be extinguished, and unless the bank returned the cattle illegally taken there also be a recovery for the full value thereof.

On the same day—May the 26th—Weldon, the plaintiff, filed his reply to the answer of the Boatmen's Bank. By such answer Weldon, in effect, set up as against the bank the same causes of action advanced by Fritzlen in his answer concerning the illegality of the note held by the bank, because it had engaged in business as a foreign corporation in the State of Kansas without complying with the state law, and because

there had entered into the sum of the note held by the bank illegal charges previously made by Elmore & Cooper and the Elmore & Cooper Commission Company.

On June 10, 1904, the bank made its second application to remove the case, based upon the ground that the effect of the replies of Fritzlen and of Weldon was to make manifest that there was a separable controversy as to the validity of the mortgage of the bank, between Weldon and Fritzlen on the one side and the bank on the other, which was cognizable in the United States court, and moreover that it plainly resulted from the pleadings, since the entry of the order to remand made by Pollock, J., that Weldon had unnecessarily made the bank a party to his suit to foreclose against Fritzlen as the result of a conspiracy between Fritzlen and himself, for the purpose of preventing the issue as to the validity of the mortgage of the bank being tried in the courts of the United States. It was recited that the answers of Fritzlen and Weldon had been filed without notice, and the motion to remand was made at once on learning of such filing.

The court, although it found that the bond for removal was sufficient, declined to order the removal, to which the bank excepted. It is unnecessary to detail the further proceedings in the trial court. It is adequate to say that the issues between the parties were tried in part by a jury and in part by the court, and resulted in a judgment allowing in part the claim of Fritzlen against the bank, and the remainder of the claim of the bank against Fritzlen, and while giving a judgment in favor of Weldon against Fritzlen rejected the claim of Weldon as to the entire illegality of the mortgage to the bank.

The case was removed to the Supreme Court of Kansas by proceedings in error prosecuted by the various parties. Pending its determination—taking judicial notice of our own records—it is to be observed that the cause was decided which was pending in the Circuit Court of Appeals for the Eighth Circuit, resulting from the writ of error prosecuted from that court to the judgment of the Circuit Court for the District of Kansas,

dismissing for want of jurisdiction the replevin action referred to in the previous statement. The court, while treating the order for remanding the cause made by Pollock, J., as not subject to be reviewed, nevertheless held that the effect of that order was not necessarily controlling as to the jurisdiction of the court below in the replevin action brought whilst the Weldon suit was pending in the Circuit Court of the United States in consequence of the refusal of Lochren, J., to remand. Coming to consider, as an independent question, whether the subject matter of the replevin suit was beyond the jurisdiction of the Circuit Court for the District of Kansas, it was held that the suit was clearly within the jurisdiction of the court, because the Weldon suit presented a separable controversy between Weldon and Fritzlen on the one side and the bank on the other, as to the validity of the mortgage of the bank, and that although the remanding order of Pollock, J., could not be reversed, nevertheless its effect, while operative and not open to attack, did not necessarily oust the Circuit Court of jurisdiction over the replevin action brought when the Weldon suit was pending in the Circuit Court. The judgment dismissing the replevin suit for want of jurisdiction was reversed and the case remanded for further proceedings. 135 Fed. Rep. 650. A petition praying a writ of certiorari to review this judgment was by this court denied. 198 U. S. 586.

The case pending on error in the Supreme Court of Kansas was thereafter decided. That court, without questioning the order remanding the cause made by Pollock, J., as controlling in the condition of the pleadings at the time that order was made, held that by the effect of the pleadings filed after the return of the cause in consequence of the order remanding the record presented a separable controversy, with Weldon and Fritzlen on the one side and the bank on the other, which justified the second application to remove, and therefore that application had been wrongfully refused. It in addition held that the evolution of the pleadings in the state court after the order to remand was adequate to establish *prima facie* that

Weldon, in suing to enforce his mortgage, had joined the bank, although it was not a necessary party to that proceeding, because of a collusive conspiracy between himself and Fritzlen to enable the latter to contest with the bank the validity of its mortgage and prevent that controversy from being cognizable in the Federal courts, which would have been otherwise the case. 75 Kansas, 479. This writ of error was then prosecuted.

A motion to dismiss was postponed to the hearing on the merits. The assertion that we have power to review is based upon the proposition that the necessary effect of the judgment of the court below was to refuse to give effect to the order of the Federal court remanding the cause, which it is insisted was final and the law of the case in all subsequent proceedings, and not susceptible of being reviewed in any forum, citing *Fitzgerald* v. *Missouri Pacific R. R.*, 160 U. S. 556. But it is not open to controversy that if after an order to remand has been made it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause. *Powers* v. *Chesapeake & Ohio Ry.*, 169 U. S. 92. See also *Wecker* v. *National Enameling Co.*, 204 U. S. 176. It follows, therefore, that the contention that the necessary effect of the judgment below was to refuse to give effect to the previous remanding order is without foundation. It is said, however, that as the power to entertain a subsequent motion to remove depended upon a change in the condition of the record, that the result of the judgment below was to deny all effect to the prior order remanding the cause, as there had been no such change in the record as to justify the granting of the second order to remove. To sustain this proposition it is insisted that substantially the only change that resulted from the pleadings filed after the remanding of the cause was that brought about by the filing of the answer of Fritzlen and the defenses set up in that answer against the mortgage held by the bank, which, it is argued in

the nature of things could not operate to affect the removability of the suit between Weldon and Fritzlen. But the premise upon which the proposition rests is without foundation in fact. As we have seen, the petition of Weldon impleading Fritzlen and the bank, while it assailed the bank's mortgage in express terms, alleged that that mortgage, if it existed, was junior in rank to the mortgage of Weldon. And the serious consequences which that averment had upon the order to remand the case is indicated in the opinion of Pollock, J., sustaining the motion to remand. The necessary effect of the answer of the bank, filed after the remanding, and of the answer by Fritzlen, as well as of the answer filed by Weldon, expressly joining Fritzlen in his attack upon the mortgage of the bank, was to make clear the untruth of the averment of the junior character of the mortgage held by the bank and to establish, therefore, the fact that the bank was not an indispensable or necessary party to the suit of Weldon for the foreclosure of the mortgage against Fritzlen.

It follows therefore that the contention that the state of the record at the time the second application for removal was made was not materially different from the condition existing when the prior order to remand was allowed, is unwarranted. So far as the separable nature of the controversy is concerned, arising on the record as it existed at the time the second application to remove was made, we might rest content with saying that we think the removal was rightly allowed, for the reasons stated in the opinion of the court below and in that of the Circuit Court of Appeals for the Eighth Circuit in *Boatmen's Bank* v. *Fritzlen*, *supra*, and the authorities there cited. We observe, however, that under the case made, as the bank was not an indispensable party to the suit of Weldon to foreclose, the mere fact that the bank was by him joined as a defendant along with Fritzlen cannot be held to operate to prevent the application of the rule of separable controversy, and that from its application we think it quite clear that the validity of the bank's mortgage, assailed as it was under the cir-

cumstances of the case, was a separable controversy with Weldon and Fritzlen on one side and the bank on the other, and it was therefore rightly the subject of removal. Without stopping to give the reason for our conclusion, we also think it is quite clear, within the ruling in *Powers* v. *Chesapeake & O. Ry. Co., supra,* that the second application to remove was made in time.

While the views just expressed might justify granting the motion to dismiss, yet in consequence of the character of the question (*Swafford* v. *Templeton,* 185 U. S. 487), instead of dismissing, our decree will be,

*Affirmed.*