## PABST et al. v. ROXANA PETROLEUM CO.

District Court, S. D. Texas, at Galveston.
February 19, 1929.

No. 977.

Stewart, Damiani & Harris, of Galveston, Tex., for plaintiffs.

Koerner, Fahey & Young, of Houston, Tex., for Roxana Petroleum Co.

HUTCHESON, District Judge. This cause was removed to this court on petition of Roxana Petroleum Company, a foreign corporation, upon allegations that the bill contained separable controversies wholly triable between that defendant and the plaintiffs. Prior to the Act March 3, 1875, persons, parties to separable controversies, might remove their controversy into the federal court. Since the Act March 3, 1875 (section 2, as amended [28 USCA § 71]), a separable controversy authorizes the removal of the whole cause.

The rule governing the existence of a separable controversy is plain and simple; its application, difficult. The rule is that a controversy is not separable unless it appears so to be from the plaintiff's own allegations. This must be tested by the terms of the pleadings in each particular case.

The defendant Roxana urges upon the court the opinion of Judge Sanborn in Boatmen's Bank v. Fritzlen (C. C. A.) 135 F. 650, that the true rule is that motions to remand should be decided, not by the existence of doubts, but by the preponderance of the facts, the law, and the reasons which condition them, in view of the fact that the right to invoke the jurisdiction of the federal court is a valuable constitutional one.

The right to remove is a constitutional right only in so far as Congress is authorized to give the right by statute; but, as Congress can give it, so it can take it away or restrict it, and I am not impressed with the view, urged here, that the fact that Congress has provided that there shall be no review of the action of the District Court in remanding a case should induce the court to take jurisdiction where jurisdiction is not clear.

This is the effect which judges in the Eighth Circuit have given, I think erroneously, to Judge Sanborn's opinion in the Fritzlen Case. In the other circuits the rule is quite the contrary; there it is that, where the jurisdiction of the federal court is doubtful, good judgment requires remand to the District Court of the state, the jurisdiction of which is beyond dispute. In Chunes v. Duluth, 292 F. 153 (8th Circuit), the court says: "If it were conceded that the question whether the facts alleged in the complaint state a cause of action within the provisions of the Federal Employers' Liability Act were a doubtful one, then, under the practice prevailing in this circuit, the motion should be denied."

The true and proper rule with reference to this matter is stated by Rose in his Federal Jurisdiction and Procedure: "The federal courts have by construction restricted rather than enlarged the classes of cases on which the right of removal can be exercised, on the ground that there is a separable controversy. Since the passage of the act of 1887 they have steadily sought to limit rather than extend their jurisdiction."

I am not impressed by the assertion that some valuable right which is given him in the federal court will be taken from him by trial in the state court. As I understand the jurisprudence of this state, it operates with an eye to justice, just the same as that of the federal court. I therefore approach the case

as to whether the motion to remand should be granted or denied from the standpoint merely of whether the removing defendant has shown itself entitled to invoke the jurisdiction of this court. If it has the right to so invoke it, I have no option but to recognize that jurisdiction.

Courts do not grant decrees by favor, nor can they withhold them upon caprice. Certainly it is desirable in any case for the court to reach such a clear opinion as that he can say he has no doubts, and certainly it is not desirable to either take or refuse jurisdiction upon the ground of doubt.

I agree with the views of Judge Hough, quoted in Yankaus v. Feltenstein, 244 U. S. 131, 37 S. Ct. 569, 61 L. Ed. 1036: "The opinion of Judge Lacombe * * * merely states what for many previous years had been the practice of this court; i. e. doubtful cases were always remanded. 'Rulings of this nature are admittedly unsatisfactory. Counsel and parties are entitled to a clearcut statement of the law, if it is possible to make one; and it would seem as if the removal acts were sufficiently old by this time to enable the court to select what appeared to be the best of conflicting rules.'"

Coming, then, to the merits of the matter, with this injunction in view, that it is my duty not to entertain doubts, if I can dispel them, but to decide cases upon my matured view of the law and facts applicable thereto, it is my view that, while the petition does contain allegations which suggest that there might be a cause of action stated against Roxana Petroleum Company applicable to it alone, a view of the pleadings as a whole clearly shows that it presents but one cause of action, and that a joint one, against the two defendants.

A brief consideration of the nature and definition of a cause of action will, I think, serve to show the correctness of this position. In Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, it is said:

"The courts have found it very difficult to give any general definition of the phrase 'cause of action' which would apply to all cases alike and few courts have attempted to do so. * * * However, the following definition will be sufficient for the disposition of the case now before us. In the abstract, a cause of action consists of 'the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant on the other.' Rodgers v. Mutual Endowment Ass'n, 17 S. C. 410. When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies 'the facts upon which the plaintiff's right to sue is based and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong' [citing cases]."

Applying that test to plaintiff's petition, while the petition does state some facts upon which plaintiff would have a right to sue Roxana separately, namely, that Roxana was obligated to develop for oil, while the Sulphur Company was not, there is no allegation in the petition that there has been any wrongful conduct with reference to the development, and there is no claim laid for damages for the failure to produce oil, and, in so far as the suit seeks specific performance of the agreements, it shows that that performance is sought against defendants jointly upon the claimed statement of Roxana that it has assigned its interest to the Gulf in both oil and sulphur, and that no separate or independent relief against Roxana is sought; while, on the other hand, all of the charges of the petition present over and over the joint dereliction of the two with reference to the sulphur not produced.

Finally, if there does lurk in the petition any element of an incomplete cause of action against Roxana, separate and distinct from that charged against both defendants, the plaintiff in his brief and in his argument has given such construction to the pleadings as to deny to any of the pleadings such effect, and since removal of separate controversies is granted, not in order to enable the defendants joined in a common cause to choose, through the claim of the existence of a separable controversy, a jurisdiction which they think more favorable, but to protect a defendant in a real controversy who has the right to remove it from being compelled, through the device of joining it with other contentions, to try that cause in the state court, it would be permitting form to take the place of substance to find in this pleading a separate cause of action against Roxana sufficient to authorize removal.

If, as was suggested in argument, the germ of a cause of action on a separate controversy is in the pleading, and if, after remand, the germ takes life and flowers into such a cause, the right to file its application for removal anew would at once spring to Roxana. Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551. The petition, as it now stands, breathes only one complete cause of action, and that is a joint one.

To permit the removal of the cause of action into this court upon the supposititious

theory that the pleadings may later change, and the plaintiff may present a complete and separable cause of action against Roxana, would be to deprive plaintiff of his choice of a forum without remedy; whereas, if it is his purpose, by joining Roxana with the Texas Gulf, to litigate in the state court a separable controversy, he cannot effectuate it, for, whenever that action appears in the pleadings, Roxana has its remedy to immediately remove.

The motion to remand is therefore granted.