THE TEXAS PLUMBING COMPANY
v.
ZURN INDUSTRIES, INC. (Woodford
Manufacturing Company, third
party defendant).
Civ. No. 1877.

United States District Court
N. D. Texas,
Abilene Division.
Dec. 5, 1958.

Baker, Botts, Andrews & Shepherd, Houston, Tex., for Zurn Industries, Inc.

McMahon, Smart, Sprain & Wilson, Abilene, Tex., for Woodford Mfg. Co.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for Texas Plumbing Co.

ESTES, District Judge.

The record in this case discloses that the jurisdiction of this court is invoked by a second petition for removal. It was filed by Third Party Defendant, Woodford Manufacturing Company, after the original defendant, Zurn Industries, Inc., filed a third party complaint against Woodford, for indemnity, or contribution "if it" (Zurn) "is held liable to any extent herein because of the matters complained of in plaintiff's" (Texas Plumbing) "petition", jurisdiction being based on diversity of citizenship between Woodford and both Zurn and plaintiff, The Texas Plumbing Company.

In the original suit Texas Plumbing sued Zurn for damages for breach of warranty for defective water faucets sold and delivered by Zurn to Texas Plumbing for use in fulfilling its plumbing subcontract on the Abilene Air Force Base. The original suit (No. 8211–B in the 104th District Court of Taylor County, Texas, and No. 1779 in this Court) between Texas Plumbing and

Zurn was remanded to the state court on an agreed motion to remand which "ordered that this cause be remanded to said" (state) "court as not properly removable to this court".

This court then lost and the state court had jurisdiction of the suit. United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982; and 54 C.J., Removal of Causes 338; 76 C.J.S. Removal of Causes § 298, p. 1141.

Thereafter defendant Zurn filed in the State District Court, its third party complaint against third party defendant Woodford, "since it manufactured and supplied the plumbing fixtures in question".

After the remand order in cause No. 1779 there was no change in the original suit, other than the filing of Zurn's third-party action over against Woodford.

This court's determination that the original suit was improperly removed "is conclusive against the second petition for removal" which did "not specify any new ground for removal." Gray v. Stanford Research Institute, D.C.Tex., 108 F.Supp. 639 (Dooley, J.).

Since the third party action by Zurn against Woodford "for all or part of the claim in suit is so closely involved with the subject matter of the action" (between Texas Plumbing and Zurn) "as to be regarded as ancillary thereto", 1 Barron & Holtzoff, Sec. 424, and does not state a "separate and independent claim or cause of action" within the meaning of Title 28, Section 1441(c), American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, Henry v. Rice, D.C., 74 F.Supp. 222), it is not within the jurisdiction of this court.

As stated by Judge Hutcheson in City of Waco v. United States Fidelity & Guaranty Co., 5 Cir., 76 F.2d 470, 471, in an action for indemnity against surety:

"Whether a true cross-bill against a single defendant not a citizen of the same state with cross-plaintiff, and not a party to or connected with the main suit, would be removable at all, either as a separable controversy, taking the whole suit into the federal court, or as a separate one, taking only the cross-action, we need not determine, for the city's monition to the surety is not such an action. Indeed, strictly speaking, it is no action at all. It is an 'action over,' a warning claim, a stand by and defend notice. In it the city alleges that by contract with it the fidelity company as surety, 'agreed and bound itself to hold the City harmless from any claim growing out of or connected with any act of the defendants Combs and Glade, as set out in plaintiff's petition.' In this situation the city's claim against the surety is no more than a vouching in, no more than a formal notice of the pendency of the suit and a warning that it expects the company to be bound by the result of the trial."

Accord, Brown v. Hecht Co., D.C., 78 F.Supp. 540.

There is no showing that any ground for removal the second time "did not exist when the first removal was petitioned for", hence such authorities as Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551; and Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216, are not applicable here. Pope v. Cheney, C.C., 22 F. 177.

In addition to requirements of finality in litigation and orderliness of judicial proceedings, it should be noted that the third party defendant does not attempt removal to have a trial on the merits in this court of the third party action. On the contrary it seeks dismissal of that action for asserted lack of personal jurisdiction over it. If Woodford be right in that contention, this would leave for trial in this court nothing but the controversy between the original parties, which has been previously remanded to the State Court.

146

The case having been improperly removed the second time, it is accordingly ordered that this entire suit, plaintiff's action and the third party action included, be and it is hereby remanded to the 104th Judicial District Court of Taylor County, Texas, and costs are taxed against the third party defendant, Woodford Manufacturing Company.