**W. H. Pat O'BRYAN, Plaintiff,**

v.

**Stephen S. CHANDLER, Defendant.**

No. 67–88.

United States District Court.
W. D. Oklahoma.

Feb. 28, 1973.

Carl L. Shipley, Irwin Goldbloom, Dept. of Justice, Washington, D. C., for United States as amicus curiae.

Reagan Martin, Harvey Davis, Dallas, Tex., for defendant.

BATTISTI,* Chief Judge:

## MEMORANDUM OPINION AND ORDER

This most significant case concerns a man who for more than twenty-nine years has been a United States District Judge. In 1958 he was sitting in a protracted and complex Bankruptcy Reorganization case,[1] over which he had unquestioned jurisdiction. In that action Judge Chandler determined that the plaintiff, W. H. Pat O'Bryan, a practicing lawyer and tax accountant, had filed a fraudulent and fabricated claim for attorneys fees of over one million dollars against the bankrupt estate. He denied the claim. Subsequently O'Bryan was disbarred. O'Bryan did not appeal and the judgment became final. O'Bryan was indicted for the offense. The indictment was later dismissed on what appears to have been a technicality. See Chandler v. O'Bryan, 445 F.2d 1045 (10th Cir., 1971).

---

* Frank J. Battisti, Chief Judge, Northern District of Ohio, Sitting by Designation in Western District of Oklahoma.

1. See O'Bryan, O'Bryan & O'Bryan v. Duncan, Trustee, Selected Investments Corporation et al., 260 F.2d 918 (10th Cir., 1958).

O'Bryan then sued Judge Chandler in State Court for ten million dollars damages for malicious prosecution, libel and slander. The case was removed to this Court. The Motion to Remand was overruled and judgment of dismissal was entered by the Honorable Roy W. Harper, Assigned, on the ground that the Petition on its face disclosed that Judge Chandler was judicially immune from liability. 249 F.Supp. 51 (D.C.1964).

O'Bryan appealed from the adverse judgment to the Court of Appeals. Judge Chandler obtained leave of Court to file and did prepare and file *pro se* in defense of the action a brief which he designated "Official Statement". The judgment of the trial court was affirmed, O'Bryan v. Chandler, 352 F.2d 987 (C.A.10, 1965), cert. denied 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1966).

Eight days after that case was affirmed by the Court of Appeals, O'Bryan filed the instant libel action for $2,500,000 alleging that certain statements made by Judge Chandler on pages 17 and 18 of the brief designated "Official Statement" which he had filed in the Court of Appeals in defense of that action were libelous.[2]

The case was removed to this Court under the provisions of 28 U.S.C. § 1442(a)(3) upon the ground that Judge Chandler was acting "under color of office or in the performance of his duties" when he performed the acts alleged to be libelous.

A Motion to Remand was filed by O'Bryan and heard by the Honorable Richard B. Austin, Assigned, who remanded the case to State Court. The order of remand being unappealable, Judge Chandler was forced to submit to State Court jurisdiction.

The case passed through the preliminary stages in State Court where Judge Chandler's defenses, inter alia, of judicial immunity and lack of State Court jurisdiction were overruled and the case came on for trial before a jury.

During the trial, over Judge Chandler's objection, O'Bryan was permitted to amend his Petition by attaching thereto copies of pages 22 and 23 of a preliminary draft of the brief entitled "Official Statement" which he claimed libeled him, instead of pages 17 and 18 of the document filed in the Court of Appeals which he had attached to his Original Petition as constituting the libelous publication.

Over Judge Chandler's objections the State Court required him to proceed with the trial. The evidence offered by O'Bryan during the trial tended to establish that Judge Chandler may have performed the acts complained of while acting officially in defense of his office and judicial authority in the prior malicious prosecution, libel and slander action prosecuted against him by O'Bryan. There was no evidence offered to the contrary.

After the close of the evidence, over Judge Chandler's objection, the State Court directed the jury to return a verdict against him and the jury returned a verdict for $40,000 actual and $10,000 punitive damages.

The day after the conclusion of the trial the case was again removed to Federal Court as authorized by 28 U.S.C. § 1442(a)(3) and 28 U.S.C. § 1446(b), ¶ 2. The case when removed was docketed as Civil Action Number 67–88, and is now pending before this Court on O'Bryan's Motion to Remand.

Several months after the second removal of the case to this Court, the State Court, in violation of the statutory injunction contained in 28 U.S.C. § 1446, entered judgment on the verdict. However, this Court by Writ of Mandamus ordered the State Court to expunge the illegally entered judgment, and it was actually expunged by the State Judge.

2. Certain statements contained in Chandler's brief were in response to particular accusations made by O'Bryan. However, the brief was released to the press one day prior to its filing in the Court of Appeals.

Section 1442(a)(3) of Title 28 provides:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:

"(3) Any officer of the courts of the United States for any Act under color of office or in the performance of his duties;"

Section 1446(b) of Title 28 provides:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

This case was removed to this Court allegedly pursuant to 28 U.S.C. § 1442(a)(3) and allegedly within the time provided by 28 U.S.C. § 1446(b). The question presented is whether the amendment to the Original Petition during the State Court trial rendered the case removable.

 It is clear that the removal statutes contemplated that the right of removal would be exercised at a later stage if a case's removability was disclosed subsequent to the filing of the

original pleadings. Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909); Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). While *Powers* stands for the general proposition that successive removals were permitted, *Fritzlen* strengthened it by indicating that a second application could be based upon subsequent pleadings or the conduct of the parties. The legislative history makes clear that when Congress added the second paragraph of 28 U.S.C. § 1446(b), it intended that a party be permitted successive removals. In addition it indicated that the teachings of *Powers* and *Fritzlen* were the motivation for the new amendment to the Judiciary Act. See H.Rep. 352, 81st Cong., 1st Sess. Therefore, it is error to assert that the defendant waived his right of removal because the case was initially removed and remanded.

In the instant case, after the remand hearing before Judge Austin in 1966, the depositions of several witnesses were taken and a trial was held in the State Court. In addition, the plaintiff amended his petition in the State Court proceedings to vary his claim against the defendant. It is asserted that these events occurring subsequent to Judge Austin's remand order constitute sufficiently changed circumstances so as to allow Judge Chandler the right to file a second removal petition in order that this Court might assess his claim of judicial immunity. It is argued that the case became removable when the plaintiff was permitted to amend his petition over the defendant's objections. The petition was amended to claim that the libel was committed by the publication of allegedly libelous statements in a different document than that which had been the basis of the action in the original petition. The voluntary amendment of the plaintiff's petition gave the defendant the right to remove the case for a second time pursuant to 28 U.S.C. § 1446, the argument continues. It is acknowledged by all that the removal papers were properly prepared.

Two cases in the United States District Court for the Western District of Oklahoma deserve consideration. In Fuqua v. Gulf, Colorado and Santa Fe Railway Company, 206 F.Supp. 814 (W.D. Okl.1967) Judge Bohanon held that a discovery deposition wherein facts first appeared revealing the removability of a case was an "other paper", within the meaning of Section 1446(b), from which it may be ascertained that the case is one susceptible for removal. Judge Daugherty in Preston v. Edmondson, 263 F.Supp. 370 (1967) held:

"If jurisdictional facts do not appear in complaint for removal under statute conferring upon federal officer acting under color of office an independent jurisdictional right to remove either a state civil action or criminal prosecution from a state to a federal court, wholly apart from the general removal statute, they may be supplied by the removal petition and supporting exhibits. 28 U.S.C.A. §§ 1441, 1442(a)(1)."

"A press release made by a United States Congressman involving a governmental matter of interest and concern to his constituents is an 'act done under color of his office as an officer of the United States' within meaning of statute conferring upon a federal officer acting under color of his office an independent jurisdictional right to remove either a state civil action or criminal prosecution from a state to a federal court, wholly apart from the general removal statute. 28 U.S.C.A. § 1442(a)(1)."

In Poss v. Lieberman, 299 F.2d 358, 359 (2nd Cir., 1962), the Court stated:

"Under the removal statute of 28 U. S.C. § 1441 it is necessary for the fact to appear on the face of the complaint or subsequent amendments filed by the plaintiff; as to this there is no disagreement. * * * This is because the case may be removed under Section 1441 only where it is one over which the federal courts would have original jurisdiction. This they do

not have based upon a federal right asserted by way of defense. This is not the case, however, under 28 U.S.C. § 1442(a) under which the removal in this case was sought and obtained. The removal is based on a federal interest in the matter, the facts underlying which may be stated in the removal petition itself, *whether or not federal jurisdiction existed over the claim as stated in the complaint as originally served. Where a federal officer asserts a privilege for acts done under color of his office the defense is based upon a federal right, the purpose of which is to prevent federal employees from being unduly harassed by 'vindictive or ill founded damage suits brought on account of action taken in the exercise of their official responsibilities.'* Barr v. Matteo, 360 U.S. 564–565, 79 S.Ct. 1335, 1336, 3 L.Ed.2d 1434. Consequently, the federal government has a special interest in such matters which justifies the granting of removal jurisdiction to the federal courts in such cases. *Congress has not in § 1442, as in § 1441, required that the case be one over which the court have original jurisdiction in order for the defendant to obtain removal.*" (Emphasis supplied)

█ To state it simply, Section 1442 as a matter of public policy grants the *right* to a Federal Officer who certifies under oath that he was acting "under color of office or in the performance of his duties" to remove a case filed against him to Federal Court for trial on the merits in the Federal forum. The same statute invests the Federal Court with *jurisdiction* to hear and determine such an action as a matter of public policy.

█ Before concluding disposition of this motion to remand it is imperative that all concerned recognized the importance of the lawsuit. This Court is aware that should this case be remanded, the questions of "color of office" and "performance of duties" pursuant to 28 U.S.C. § 1442(a)(3), an implicit part of

the authority of a federal judge, will be heard by the Oklahoma State Courts with review sought from the Supreme Court of Oklahoma to the United States Supreme Court rather than by an appeal to the United States Court of Appeals for the Tenth Circuit prior to its ultimate review in the United States Supreme Court. This Court is of the opinion that although the distinguished Judges of the State of Oklahoma are quite capable of dealing with this matter, it is more appropriate and, indeed, the Congress seems to have intended, through its enactment of Sections 1442 and 1446 that such review be had in the Federal system. In Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L. Ed.2d 396 (1969), the Supreme Court held that the right of removal under Section 1442 is made *absolute* whenever a suit in a State Court is for any act "under color" of federal office, and the test for removal is even broader than the test for official immunity itself. Federal jurisdiction rests on a federal interest in the matter. Poss v. Lieberman, 299 F.2d 358, 359 (C.A.2nd Cir.) cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). This most basic interest is the enforcement of federal law through federal officials. In addition there is a *right* to assert a *colorable* defense of official immunity in a federal forum. See Martin v. Wyzanski and Hunt, 191 F.Supp. 931 (D.C.Mass., 1961) and Garfield v. Palmieri, 193 F. Supp. 137 (S.D.N.Y.1961).

This Court does not reach the question of the motion to dismiss in view of the fact that a further hearing need be held on that issue. At that time the important question of the immunity of Judge Chandler must necessarily be considered.

Accordingly, since Sections 1442 and 1446 have been complied with, this case was properly removed within the prescribed time, and the plaintiff's motion to remand is overruled.

An evidentiary hearing on the motion to dismiss is hereby set for April 2, 1973, at 10:00 a.m., in the United States District Court for the Western District of Oklahoma.

It is so ordered.