**Walfred Andrew LASSILA and Dawn Lassila, his wife, Plaintiffs,**

v.

**WERNER CO., a Pennsylvania corporation, Defendant.**

**No. 2:98–CV–212.**

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 5, 1999.

Hunter H. Watson, Laurium, MI, for plaintiffs.

James R. Kohl, Susan Douglas MacGregor, Plunkett & Cooney, PC, Bloomfield Hills, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

McKEAGUE, District Judge

Plaintiffs appeal the magistrate judge's decision denying their motion to remand. This case was originally removable on grounds of diversity of citizenship. After defendant removed the action, plaintiffs joined a non-diverse defendant, destroying the complete diversity between the parties.

The parties then stipulated to remand. Following remand, the state court dismissed the non-diverse defendant. Defendant then "amended" its notice of removal seeking to remove the action again on grounds of diversity. The issue for decision is whether defendant's second notice of removal, filed some 14 months and three days after the commencement of the action, is timely under 28 U.S.C. § 1446(b). The Magistrate Judge reluctantly ruled that removal was timely under the recent Sixth Circuit decision in *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999), and denied plaintiffs' motion to remand. In their appeal, plaintiffs, too, rely upon *Brierly* for support. Following a careful review of the parties' arguments, the Court finds the Magistrate Judge properly interpreted and applied the controlling authority. Accordingly, the Court will affirm the Magistrate Judge's decision.

## I

The underlying dispute between the parties arises from an alleged mechanical failure of a stepladder that resulted in serious injury to Plaintiff Walfred Andrew Lassila. The accident took place on the premises of the ladder's owner, Mr. Lassila's father. Plaintiffs elected to bring suit in Houghton County Circuit Court solely against defendant, the ladder's manufacturer, on September 9, 1997. Defendant then filed notice of removal to this Court on October 10, 1997, on grounds of diversity of citizenship. On the same date, defendant answered plaintiffs' complaint, raising an affirmative defense of third-party negligence allegedly committed by Mr. Lassila's father.

Plaintiffs thereupon filed an amended complaint joining Mr. Lassila's father as a defendant. Joinder of Mr. Lassila's father, a Michigan resident, destroyed complete diversity between the parties. Consequently, the parties stipulated to remand. A copy of the magistrate judge's order granting remand was certified by the Clerk of this Court on February 24, 1998 and sent to the Clerk of the Circuit Court on February 27, 1998.

Following proceedings in state court, Mr. Lassila's father was dismissed from the action. The dismissal of Mr. Lassila's father restored complete diversity between the parties. Defendant then renewed its notice of removal on November 13, 1998, some 13 months after the action was filed in state court. Plaintiffs then moved to remand, arguing defendant's renewed notice of removal was untimely. The Magistrate judge denied plaintiff's motion, reluctantly agreeing that *Brierly* placed no time limit on removal of actions that were originally removable. This appeal followed, and the Court has jurisdiction to hear the appeal under 28 U.S.C. § 636.

## II

When reviewing an order of the magistrate judge, the Court reverses the magistrate judge's ruling only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiffs argue the magistrate judge committed error in applying the holding of *Brierly* to the instant facts. Plaintiffs make three arguments of error: first, that this Court lacks subject matter jurisdiction over the cause following the first remand; second, that the magistrate judge failed to apply the 30–day deadline for cases that are originally removable; and third, that defendant's right to invoke this Court's jurisdiction for a second time requires a showing of new and different grounds for removal. Given the Sixth Circuit's opinion in *Brierly* and the facts at bar, the Court finds no clear error in the magistrate judge's decision.

### A.

■ The Court commences its analysis with the question of subject matter jurisdiction. Citing footnote one in *Brierly*, plaintiffs contend the Court's initial order of remand irretrievably divested the Court of subject matter jurisdiction. The magistrate judge disagreed. Granting that the

Court cannot normally reconsider even an obviously erroneous order of remand, the magistrate judge noted that under the second paragraph of § 1446(b), a defendant may file a second notice of removal based on subsequent pleading or events that reveal a different ground for removal. The magistrate judge reasoned that the instant facts presented such circumstances. After a thorough review of the case law, the Court finds that the magistrate judge's ruling reached the correct result on these facts.

The gist of plaintiffs' argument is that because the cause was originally removable on grounds of diversity, was so removed, and was subsequently remanded by the Court, *Brierly* dictates the Court now lacks subject matter jurisdiction. Plaintiffs' interpretation, however, does not comport with *Brierly*'s holding with respect to subject matter jurisdiction. In *Brierly*, an after-served defendant filed for removal more than one year following the first defendant's attempt to remove the suit. The issue was whether the after-served defendant's attempt to remove the cause was untimely, given the one-year time limit on removal presented in the last sentence of § 1446(b). The Sixth Circuit held that the after-served defendant's notice of removal was not properly characterized as "the functional equivalent of a motion to review or reconsider," but was more accurately "an original petition by a party with standing to remove...." *Brierly*, 184 F.3d at 532.

The instant facts are not precisely analogous to those in *Brierly*; they lie somewhere between a motion to review or reconsider and an original petition by an after-served defendant. Here, the original defendant removed the cause, after which it was remanded following the joinder of a second, non-diverse defendant. After the state court dismissed the non-diverse defendant, the original defendant again sought removal on the same grounds as its initial petition: diversity of citizenship. Although the present facts strain the framework of both § 1446(b) and the Sixth Circuit's opinion in *Brierly*, the question

before the Court is not novel. Indeed, the Supreme Court has noted that:

> [I]f, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause.

*Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372, 29 S.Ct. 366, 53 L.Ed. 551 (1909); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir.1996). Plaintiffs' attempts to distinguish *Fritzlen* and *Infax* do not persuade the Court. Hence, in accordance with the above authority, plaintiffs' motion to remand for lack of subject matter jurisdiction will not be granted.

Plaintiffs further maintain that the dismissal of the non-diverse defendant in state court restores diversity without restoring subject matter jurisdiction. Nowhere, however, do plaintiffs cite authority for this proposition. Thus, given the precedent cited above, coupled with plaintiff's lack of citation to contrary authority, the Court finds plaintiffs' position to be unpersuasive.

## B.

The Court next turns to the issue of whether the 30–day notice deadline of the first paragraph of § 1446(b) precludes removal. The first paragraph of § 1446(b) states, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Plaintiffs do not dispute that they received notices of removal within thirty days each time the action arguably became removable. Instead, plaintiffs argue that the 30–day deadline provides an overarching time limit upon the defendant's ability to remove, rather than merely requiring defendant to

file notice of removal within 30 days after the action meets the requirements for removal. Addressing this issue, the *Brierly* Court could not have given a more clear mandate: "We hold that the one-year limitation on removal of diversity cases applies only to those that were not initially removable...." *Brierly*, 184 F.3d at 534. Moreover, plaintiffs fail to cite case law construing the 30 day notice provision as restricting the ability of a defendant to remove after a timely notice once diversity of the parties was present. Consequently, the Court finds that the timely notice given by defendant each time the citizenship of the parties became completely diverse and met the requirements set forth in § 1446(b) for removal.

### C.

The final issue before the Court is whether defendant need present grounds for removal that are distinct from those first asserted. Plaintiffs cite an unpublished Sixth Circuit case and various district court cases in support of their argument. None of these precedents bind this Court. Moreover, the holding in *Brierly* conflicts directly with plaintiffs' position. Consequently, because *Brierly* imposes no requirement of distinct grounds for removal of a case which was originally removable, the Court finds that the magistrate judge did not commit clear error.

### III

Although the broadly-worded holding of *Brierly v. Alusuisse Flexible Packaging* seems counter to Congress' stated intention to restrict removal jurisdiction, *Brierly* is the law of the Circuit. In light of this clear precedent, plaintiff's arguments cannot prevail. Hence, the judgment of the Magistrate Judge is **AFFIRMED**, and plaintiffs' motion to remand is **DENIED**.

 **IT IS SO ORDERED.**